IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CENTERVILLE CLINICS INC., <br><br> Defendant. | 2:23-cv-1107-NR |

# MEMORANDUM ORDER

    Defendant Centerville Clinics is a nonprofit healthcare system that provides medical services to around 40,000 patients in Pennsylvania. ECF 1-2, ¶¶ 32-33. In providing those services, Centerville encouraged patients to use certain "online platforms" to, among other things, find providers, schedule appointments, book procedures, communicate with their doctors, and review their medical histories. *Id.* ¶ 35. Plaintiff Jane Doe brings this class action against Centerville alleging it installed software on its platforms that shared users' private data with third parties, including "medical treatment sought, medical conditions, appointment type and date, physician selected, specific button/menu selections, content (such as searches for symptoms or treatment options) typed into free text boxes, demographic information, email addresses, phone numbers, and emergency contact information." *Id.* ¶¶ 37-38, 67. She alleges that these disclosures breached HIPAA standards, industry standards, and the purported class members' expectations of privacy. *Id.* ¶¶ 105-127. She brought claims in state court for common law Intrusion Upon Seclusion, Breach of Implied Contract, Unjust Enrichment, Breach of Fiduciary Duty, violation of the

Pennsylvania Unfair Trade Practices and Consumer Protection Law, and violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act. *Id.* ¶ 26.

Centerville then removed the case to federal court, citing two bases for federal jurisdiction in its notice of removal. First, Centerville asserts that the Secretary of Health and Human Services has deemed Centerville a United States Public Health Service employee, so it could remove the case pursuant to 42 U.S.C. § 233 *et seq.* ECF 1, ¶¶ 1-2, 6. In the alternative, it argues that removal is proper under the federal-officer removal statute at 28 U.S.C. § 1442(a)(1), as Centerville is either a federal officer or a person acting under a federal officer through its status as a PHS employee. *Id.* ¶¶ 7-12. Plaintiff opposes removal and has moved to remand the case to state court. ECF 20. Having reviewed the relevant law and the parties' briefs and exhibits, the Court agrees with Plaintiff and grants her motion to remand.

## DISCUSSION & ANALYSIS

"Section 233(a) grants absolute immunity to [Public Health Service] officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." *Hui v. Castaneda*, 559 U.S. 799, 806 (2010). It also requires the Attorney General to defend those employees—and remove any state-court actions against them to federal court—where two conditions are met: (1) the Secretary of HHS has "deemed" the defendant to be an employee of PHS, and (2) the Attorney General certifies that the defendant "was acting in the scope of his employment at the time of the incident out of which the suit arose." *Est. of Campbell by Campbell v. S. Jersey Med. Ctr.*, 732 F. App'x 113, 116 (3d Cir. 2018); *Young v. Temple Univ. Hosp.*, No. 18-2803, 2019 WL 109388, at *2 (E.D. Pa. Jan. 3, 2019) (citing 42 U.S.C. §§ 233(c), (g)(1)(A)).

Under the statute, within 15 days of receiving notice of a state-court action against a defendant, the Attorney General must "make an appearance" in state court

and "advise such court as to whether the [HHS] Secretary" has deemed the defendant to be an employee of PHS. 42 U.S.C. §§ 233(l)(1). But where the Attorney General "fails to [timely] appear" in state court, the state-court defendant can remove the action itself so the district court can make the appropriate determination on the proper forum for the action. 42 U.S.C. §§ 233(l)(2).

Centerville (not the Attorney General) removed this action pursuant to § 233(l)(2), arguing that though the Attorney General appeared in state court within 15 days of receiving notice, it did not "advise" on the scope determination, thereby triggering Centerville's removal right. ECF 23, p. 13. But that isn't the proper procedure.

Courts "are to begin with the text of a provision and, if its meaning is clear, end there," and § 233(l) is clear. *In re Price*, 370 F.3d 362, 368 (3d Cir. 2004). A state-court defendant can only remove "[i]f the Attorney General fails to appear." But the Attorney General timely appeared in state court, so § 233(l)(2) wasn't triggered. *Accord Blumberger v. California Hosp. Med. Ctr.*, No. 22-6066, 2022 WL 16698682, at *3 (C.D. Cal. Nov. 2, 2022) ("Removal is improper under the plain text of § 233(l)(2) [where, as here,] the Attorney General appeared within 15 days after being notified of the state court action, even if that appearance was only to advise the court that no determination had yet been made."); *Allen v. Christenberry*, 327 F.3d 1290, 1294-95 (11th Cir. 2003) (removal by defendants improper where "the Attorney General did appear in the state court proceeding within 15 days of being notified of the lawsuit, but he did not advise the court of any determination by HHS, because none had been made as of that time"); *Sherman by & through Sherman v. Sinha*, 843 F. App'x 870, 873 (9th Cir. 2021) (removal by defendant where Attorney General appeared within 15 days but did not advise as to status is "contrary to the statutory scheme and unworkable as a practical matter"); *Young*, 2019 WL 109388, at *3 (removal improper where "[a]t the time of removal, the United States had not yet deemed Dr. Shrivatsa

a federal employee acting within the scope of her employment during the relevant time period, nor had Dr. Shrivatsa herself removed the case to federal court after a failure by the Attorney General to make an appearance in the case within fifteen days of the filing in state court").

Centerville cites some cases in response, but they are distinguishable or inapposite. Those cases concerned suits that didn't address removal, or where the Attorney General never appeared in state court (not, as here, where he appeared but hadn't yet "advised" on the certification). *E.g.*, *Hui*, 559 U.S. at 811 (addressing whether defendant was immune under FTCA, not removal under § 233*); Booker v. United States*, No. 13-1099, 2015 WL 3884813, at *1 (E.D. Pa. June 24, 2015) (addressing defendant's failure to exhaust administrative remedies and refusing to substitute United States for defendant); *Est. of Campbell*, 732 F. App'x at 115 (Attorney General did not appear); *Friedenberg v. Lane Cnty.*, No. 18-177, 2018 WL 11352363, at *3 (D. Or. May 23, 2018) (Attorney General did not appear).

Centerville also points out that HHS already determined that "Centerville is deemed to be a PHS employee for the relevant periods," and so that "determination controls the Court's removal jurisdiction under § 233(l)(2)." ECF 23, p. 12 n.1. It appears Centerville is arguing that a prior deeming determination counts here. But it doesn't. Section 233(l)(1) says that the Secretary must make the scope determination "with respect to the actions or omissions that are the subject of such civil action or proceeding." 42 U.S.C. § 233(l)(1). So just because Centerville has a prior determination from HHS, that doesn't mean HHS has deemed it an employee of PHS for purposes of this action.

Once the Attorney General had made a timely appearance, Centerville needed to wait for the appropriate authorities to make the relevant determinations as stated in § 233, rather than take matters into its own hands. Indeed, "a final determination of whether the federal government should represent a particular defendant in a civil

action may take more than two weeks." *Sinha*, 843 F. App'x at 873. If HHS and the Attorney General conclude that Centerville was a deemed employee acting within the scope of its employment for the actions underlying Plaintiff's suit, then the Attorney General may remove this case at that time, as he is empowered to do. 42 U.S.C. § 233(c) (Attorney General must remove state-court action "at any time before trial" after making the requisite scope determination).

Centerville's alternative ground for removal (federal-officer removal) fails for similar reasons. To invoke removal under § 1442, Centerville must show, among other things, that its removal "raises a colorable federal defense to the plaintiff's claims." *Doe I v. UPMC*, No. 20-359, 2020 WL 4381675, at *3 (W.D. Pa. July 31, 2020) (Horan, J.) (citation omitted). But the only defense Centerville raises is the absolute immunity afforded by § 233. ECF 1, ¶ 12. To permit Centerville to raise § 233 as a defense for purposes of § 1442, when it didn't abide by the removal procedures of § 233, would sidestep the framework of § 233. *See Nye v. Hilo Med. Ctr.*, No. 09-220, 2010 WL 931926, at *3 (D. Haw. Mar. 11, 2010) (remanding action to state court where defendant invoked FTCA coverage under § 233 as its defense for § 1442 removal because "but for § 233 and Hilo Bay Clinic's designation as a federal entity under that law, Hilo Bay Clinic could not have removed the action to this court"). This isn't a procedural nitpick—the removal provisions are part-and-parcel with substantive determinations about § 233's applicability to Centerville. *See* 42 U.S.C. § 233(a) (remedy under § 233 is "exclusive" for an "employee of the Public Health Service . . . acting within the scope of his office or employment"). In other words, § 233 immunity may apply and could serve as a colorable defense, but only if the threshold requirements of that section are first met.

Finally, the Court denies Plaintiff's request for fees and costs because it concludes that Centerville's removal notice was not frivolous or objectively unreasonable. *First Am. Title Ins. Corp. v. JP Morgan Chase & Co.*, 384 F. App'x 64,

66 (3d Cir. 2010) ("[A]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." (cleaned up)).

*   *   *

**AND NOW**, this 14th day of September, 2023, it is hereby **ORDERED** that Plaintiff's motion to remand (ECF 20) is **GRANTED**. The Court **REMANDS** this case **FORTHWITH** to the Court of Common Pleas of Washington County for further proceedings. This Order is without prejudice to the United States Attorney General removing the action upon making the requisite scope certification. It is **FURTHER ORDERED** that Plaintiff's request for fees and costs is **DENIED**. The Clerk of this Court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge